El Pueblo de Puerto Rico, ex rel, Sabat Santos, demandante y apelante, *v.* Artemio Camacho Díaz, demandado y apelado.

No. 5921.—*Sometido:* Mayo 17, 1932. *Resuelto:* Junio 24, 1932.

*Hon. Attorney General Charles E. Winter, A. Ortiz Toro,* Primer Procurador General Auxiliar y *Felipe Janer,* Subprocurador, abogados en representación de El Pueblo; *R. Ortiz Pacheco,* abogado del peticionario apelante; *E. Ramos Antonini,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Este es un caso en que El Pueblo de Puerto Rico, a instancias de Sabat Santos, instituyó un procedimiento de *quo warranto* contra Artemio Camacho Díaz. En las alegaciones se suscitaron varias cuestiones, mas en la vista celebrada ante la corte de distrito la cuestión a resolver se limitó a si era el gobernador o el alcalde quien tenía la facultad de hacer el nombramiento en los municipios de segunda y tercera cla-

ses del secretario-auditor designado por la Ley No. 98 de 1931. Las disposiciones de dicha ley, en lo pertinente, leen como sigue:

"Sección 8.—El artículo 28 de la 'Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico', aprobada en 28 de abril de 1928, queda por la presente enmendado de manera que lea como sigue:

" 'Artículo 28.—Los funcionarios administrativos municipales serán los que se expresan a continuación, cuyos cargos se declaran incompatibles con el de miembros de la asamblea municipal y con cualquier otro cargo federal, insular o municipal retribuído:

" 'En los municipios de primera clase:

" '1. Alcalde,

" '2. Tesorero-Director Escolar,

" '3. Director de Beneficencia,

" '4. Director de Obras Públicas,

" '5. Auditor,

" '6. Secretario.

" 'En los de segunda y tercera clase:

" '1. Alcalde,

" '2. Tesorero-Director Escolar,

" '3. Secretario-Auditor,

" '4. Director de Beneficencia.

" 'No podrá crearse por la asamblea municipal ningún otro cargo u oficina administrativa fuera de los mencionados en este artículo, pero los municipios podrán consolidar los cargos en la forma que lo acordare la mayoría del número total de miembros de que se compone la asamblea municipal; *Entendiéndose,* que en ningún caso podrán consolidarse entre sí los cargos de tesorero y auditor; *Disponiéndose,* que el cargo de director de beneficencia, consolidado o no, deberá en todo caso recaer en un médico cirujano autorizado para ejercer su profesión en Puerto Rico.

" 'El poder ejecutivo en todos los municipios residirá en el alcalde, quien tendrá facultad para nombrar a los respectivos funcionarios con la aprobación de la asamblea municipal, excepto el auditor municipal que será nombrado según se dispone más adelante. El alcalde podrá nombrar los funcionarios administrativos cuando la asamblea municipal no estuviere en sesión, y dichos funcionarios desempeñarán sus cargos hasta que se reúna la asamblea municipal en sesión ordinaria o extraordinaria y confirme sus nombramientos.

" ' ' *    *    *    *    *    *    * '

"Sección 9.—El artículo 29 de la 'Ley estableciendo un sistema de gobierno local para los municipios de Puerto Rico', aprobado en 28 de abril de 1928, queda enmendado de manera que lea como sigue:

" ' *   *   *   *   *   *   *

" ' 'El auditor municipal será nombrado por el Gobernador de Puerto Rico, de una terna de candidatos que someterá a tal efecto el comité central del partido que ganó las elecciones en la municipalidad, y podrá ser destituído por el Gobernador sólo por causa justificada y contra la resolución que dicte el Gobernador destituyéndole, podrá apelar el auditor, dentro de un término de quince días después de habérsele notificado su destitución, para ante la Corte de Distrito del Distrito Judicial con jurisdicción sobre el municipio donde él prestare sus servicios, y dicha apelación se tramitará en la misma forma dispuesta para las apelaciones concedidas a los alcaldes en caso de la destitución de éstos, y en ella se revisarán por la Corte todas las cuestiones de hecho y de derecho. La resolución de la Corte de Distrito será definitiva para las partes.' ' '

La Corte de Distrito de Humacao resolvió que era el alcalde quien tenía el derecho a hacer el nombramiento. Una decisión similar fué dada por la Corte de Distrito de Bayamón. Las Cortes de Distrito de San Juan, Arecibo, Aguadilla y Mayagüez resolvieron lo contrario. La cuestión fué sometida a este Tribunal a virtud de apelaciones de las Cortes de Distrito de Humacao y Bayamón. En el seno de esta Corte ha habido una considerable vacilación al tratar de llegar a una decisión correcta.

En la vista y en los alegatos ambas partes sostuvieron que la cuestión era enteramente sencilla. No la hemos hallado así. La solución no ha sido fácil, toda vez que el estatuto contiene palabras en que cada parte ha podido atribuir a la Legislatura una intención en favor de su criterio particular. Esto fué apuntado por cada uno de los jueces que conocieron de los casos cuyas apelaciones están ante nos.

La parte apelante sostiene que la Legislatura aprobó una ley general a virtud de la cual el Gobernador debía designar al auditor en todos los municipios; que fué tan clara la intención de la Legislatura en el sentido de que él nombrara al auditor y tuviera el dominio de los poderes fiscales de los

municipios, que cualesquiera otras palabras que aparezcan en la ley no deben ser interpretadas en el sentido de que militan contra la supuesta intención clara de la Legislatura.

La parte contraria sostiene con igual tesón que la intención de la Legislatura fué claramente abolir el cargo de auditor como tal para los municipios de segunda y tercera clases; y que debió haber sido la intención de la Legislatura que el alcalde no fuese privado de designar su propio secretario, que es persona de su confianza.

La Corte de Distrito de Humacao escribió una elaborada opinión para tratar de demostrar que el cargo de auditor como tal había sido abolido en los municipios de segunda y tercera clases. La Corte de Distrito de Bayamón, enfocando la cuestión, dijo desde el principio que el cargo de auditor había sido abolido para dichas municipalidades y que por consiguiente el alcalde tenía el derecho a nombrar cualesquiera otros funcionarios creados por los términos de la misma Ley No. 98. Se adujeron y pueden aducirse más argumentos en favor de una u otra parte.

Los letrados del Gobierno sostienen que la Corte de Distrito de Bayamón adoptó una posición muy equivocada. Se critica la opinión de la corte por haber dicho el juez que desde un punto de vista técnico el caso tendría que ser fallado a favor del alcalde. Los abogados alegan que no debe prevalever una posición técnica cuando la intención del estatuto es perfectamente clara. Empero, según hemos visto, hay un conflicto de intenciones. La Corte de Distrito de Bayamón necesariamente quiso decir lo que es casi rutinario, que cuando las palabras de un estatuto son claras o cuando los precedentes lo son, una corte debe seguir la letra del estatuto o los precedentes a menos que se presente alguna razón patente en contrario. Este es el deber de la Corte. Cada vez que una corte sigue un estatuto podría decirse que es técnica. Frecuentemente la letra aparente de un estatuto debe ceder ante la clara intención de la Legislatura, pero lo que la Corte de

Distrito en este caso necesariamente quiso decir fué que como no podía descubrirse en la ley una intención marcada, debía seguirse la letra de aquélla.

Sin hallar ninguna autoridad directa que indique la regla a seguirse, somos enteramente de opinión que en los municipios de segunda y tercera clases el cargo de auditor como tal fué definitivamente abolido por la Ley No. 98, y que igualmente quedó abolido el cargo de secretario. Se creó un nuevo puesto que debía ser conocido como secretario-auditor. Nos es imposible decir que la Legislatura estuviera dando preferencia a los deberes de secretario o a los de auditor. Los deberes de cada uno de estos cargos fueron consolidados en el de secretario-auditor designado por la ley. En los municipios de segunda y tercera clases el auditor y el secretario como tales han dejado de existir. Sus deberes han sido impuestos a un nuevo funcionario creado por la ley. Por tanto, si bien pueden aducirse y fueron aducidos numerosos argumentos en favor de la idea de que el Gobernador debería tener el derecho de hacer los nombramientos, subsiste el hecho, conforme resolvieron ambas cortes, de que el cargo de auditor fué suprimido, y de acuerdo con la ley de 1931, éste es el único cargo municipal que debe llenar el Gobernador. Por consiguiente, el alcalde es quien de conformidad con el artículo 28, *supra,* tiene la facultad de designar todos los funcionarios municipales, excepto el auditor. Como el auditor fué suprimido para los municipios de segunda y tercera clases, de acuerdo con la letra de la ley, es el alcalde quien debe designar el secretario-auditor.

En los municipios de primera clase—Arecibo, Caguas, Mayagüez y Ponce—queda el cargo de auditor y el Gobernador tiene la facultad de designar tal funcionario. Hasta ese punto subsiste la intención de la Legislatura de que el Gobernador designe al auditor. Sin embargo, el apelante sostiene que los municipios de primera clase tienen derecho a consolidar los cargos de secretario y auditor si así lo desea-

ren y que de ese modo podría frustrarse enteramente la intención de la Legislatura de que el Gobernador sea el que nombre al Auditor. La cuestión de la posibilidad de una consolidación en esta forma no está necesariamente ante nos, mas aun suponiendo tal consolidación, el poder de realizarla fué puesto en manos de los municipios y si como consecuencia de tal consolidación también se crea allí un nuevo cargo—cuestión que no es necesario resolver ahora—entonces sería aplicable el razonamiento que antecede y el cargo de auditor de un municipio de primera clase tendría también que ser considerado como suprimido.

Los artículos 52 y 167 del Código Político son inaplicables. Ellos comprenden los casos en que a nadie se otorga la facultad de hacer un nombramiento. Bajo la Ley Municipal, según hemos resuelto, el alcalde es la persona autorizada para hacer la designación.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.

OPINIÓN DISIDENTE DEL JUEZ PRESIDENTE SEÑOR DEL TORO

Un examen cuidadoso de los hechos y la ley, me lleva a la conclusión de que no sólo corresponde al Gobernador el nombramiento de los auditores en los municipios de primera clase, si que también el de los secretarios auditores en los de segunda y tercera.

La sección 28 de la Ley No. 98 de 1931 que se transcribe en la opinión de la mayoría, no sólo especifica cuáles son los funcionarios administrativos, si que autoriza a los municipios para consolidar sus cargos con excepción de los de tesorero y auditor y ella misma puso en práctica la medida— tendente a la economía en la administración—al ordenar que los de secretario y auditor en los municipios de segunda y tercera clase fueran desempeñados por una sola persona. Aun más, la propia sección establece que el Alcalde tendrá la facultad de nombrar los respectivos funcionarios del mu-

nicipio, *"excepto el auditor municipal que será nombrado según se dispone más adelante"*, esto es, por el Gobernador.

La reforma introducida por la Legislatura fué la de poner en manos de un poder extraño el nombramiento del auditor. Esto es evidente a mi juicio, y resolver lo contrario me parece que es ir contra el espíritu de la ley.

Creo que no puede sostenerse que no haya auditores en los municipios de segunda y tercera clase. Los hay, como hay también secretarios. Lo que sucede es que una sola persona desempeña por ministerio de la ley ambos cargos. ¿Quién nombra esa persona? A mi juicio debe nombrarla el Gobernador para que la intención del Legislador se realice, ya que esa intención dejó una huella tan vigorosa en la ley que no obstante no especificarse como debió haberse especificado para evitar cualquier duda que el Gobernador nombraría al Auditor y al Secretario Auditor, es siempre predominante. Una interpretación contraria no sólo deja sin efecto la reforma en los municipios de segunda y tercera clase, sino que pone a merced de los municipios de primera el que se deje en ellos sin efecto. Bastaría que dichos municipios consolidaran los cargos de secretario y auditor para que surgiera un cargo nuevo cuyo nombramiento correspondería al Alcalde y no al Gobernador.

A mi modo de ver se trata de la omisión de algo que puede y debe suplirse penetrando en el espíritu de la ley y aplicando si fuere necesario por analogía las disposiciones del Código Político sobre la materia.