El Municipio de Mayagüez, representado por su Alcalde Hon. Manuel A. Barreto; y Manuel A. Barreto, en su carácter de Director Escolar de Mayagüez, demandantes y apelantes, *v.* Comisionado de Instrucción de Puerto Rico, Dr. J. M. Gallardo, demandado y apelado.

Núm. 8545.—*Sometido:* Diciembre 9, 1943. *Resuelto:* Marzo 13, 1944.

*Enrique Báez García*, abogado de los apelantes; *Hon. Procurador General Interino M. Rodríguez Ramos y A. E. Franco Cabrero, y Carmen B. Hernández, Procuradores Auxiliares*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La Asamblea Municipal de Mayagüez, por ordenanza que aprobó al efecto, separó los cargos de Tesorero y Director Escolar y consolidó el segundo con el de Alcalde, recayendo así en la misma persona las funciones de Alcalde y Director Escolar. El Comisionado de Instrucción, siguiendo una opinión del Procurador General de Puerto Rico, rehusó aprobar las órdenes números 348 y 349 sometidas por el Alcalde-Director Escolar de Mayagüez, alegando que de conformidad con la citada opinión, las funciones de Director Escolar son inseparables de las de Tesorero municipal. A fin de dirimir la controversia así surgida, el. Municipio en cuestión solicitó de la corte inferior un decreto declaratorio sosteniendo la legalidad de la actuación de la Asamblea Municipal. La corte inferior, manifestando sentirse obligada por la fuerza de la decisión en el caso de *El Pueblo, ex rel. Santos* v. *Camacho,* 43 D.P.R. 691, resolvió que la Asamblea Municipal de Mayagüez carecía de facultades para separar los cargos de Tesorero y de Director Escolar y consolidar este último con el de, Alcalde.

La controversia ante nos gira en torno a la interpretación que deba darse al artículo 28 de la vigente Ley Municipal, el que en lo pertinente dice:

"Los funcionarios administrativos municipales serán los que se expresan a continuación, cuyos cargos se declaran incompatibles con el de miembros de la asamblea municipal y con cualquier otro cargo federal, insular o municipal retribuído:

"En los municipios de primera clase:
1. Alcalde,
2. Tesorero-Director Escolar,
3. Director de Beneficencia,
4. Director de Obras Públicas,
5. Auditor,
6. Secretario,

"En los de segunda y tercera clase:
1. Alcalde,
2. Tesorero-Director Escolar,
3. Secretario-Auditor,
4. Director de Beneficencia.

"No podrá crearse por la asamblea municipal ningún otro cargo u oficina administrativa fuera de los mencionados en este artículo, *pero los municipios podrán consolidar los cargos en la forma que lo acordare la mayoría del número total de miembros de que se compone la asamblea municipal;* Entendiéndose, que en ningún caso podrán consolidarse entre sí los cargos de tesorero y auditor; Disponiéndose, que el cargo de director de beneficencia, consolidado o no, deberá en todo caso recaer en un médico cirujano autorizado para ejercer su profesión en Puerto Rico." (Bastardillas nuestras.)

Del precepto legal arriba transcrito resulta evidente el propósito legislativo de autorizar a las asambleas municipales a consolidar los cargos *en la forma que lo acordare la mayoría del número de asambleístas de que se compone la asamblea municipal,* y sólo impone como únicas limitaciones a esta facultad: (*a*) la de que en ningún caso podrán consolidarse entre sí los cargos de Tesorero y de Auditor, y (*b*) la de que el cargo de Director de Beneficencia, consolidado o no, deberá en todo caso recaer en un médico cirujano autorizado para ejercer su profesión en Puerto Rico. Pero a los efectos de este caso, no debemos perder de vista que si bien la Asamblea Legislativa autorizó la consolidación de cargos municipales, no es menos cierto que en ningún momento ni bajo condición alguna autorizó a las asambleas municipales a separar los que la propia Asamblea Legislativa tuvo a bien consolidar, a saber: en los municipios de primera clase, los

de Tesorero y de Director Escolar; y en los de segunda y tercera clases, los de Tesorero y de Director Escolar, y los de Secretario y de Auditor. Sostener lo contrario equivaldría a presumir que la Asamblea Legislativa, a sabiendas, había realizado un acto inútil verificando esas consolidaciones para inmediatamente y por la misma ley autorizar a las asambleas municipales a destruir su propia obra, separando dichos cargos a su antojo para consolidarlos con otros o mantenerlos separados.

Empero, no podemos convenir con la manifestación que se hiciera en el caso de *El Pueblo, ex rel. Santos* v. *Camacho,* supra, al efecto de que al consolidar la Asamblea Legislativa los cargos de Secretario y de Auditor en los municipios de segunda y tercera clase, a virtud de esa consolidación dichos cargos perdieron su propia individualidad para fundirse en otro que ni es el de Auditor ni tampoco el de Secretario. Que ése no fué el pensamiento del legislador, lo demuestra el hecho de que dichos cargos, consolidados o no, conservan siempre sus propios deberes y prorrogativas fijados por la ley, y aunque no pueden ser separados por las asambleas municipales, continúan siendo, sin embargo, como dijera en su opinión disidente el Juez Presidente Sr. Del Toro, dos cargos distintos que por ministerio de la ley deben ser desempeñados por la misma persona.

La Asamblea Municipal de Mayagüez no tiene, pues, la facultad para separar el cargo de Tesorero del de Director Escolar, que la autoridad superior de la Asamblea Legislativa tuvo a bien consolidar. Consecuentemente, al consolidar con el de Alcalde el cargo de Director Escolar con exclusión del de Tesorero, la Asamblea realizó un acto *ultra vires* y por lo tanto no pudo conferir al Alcalde las atribuciones correspondientes al cargo de Director Escolar, como correctamente sostiene el apelado.

No ocupando legalmente el Alcalde de Mayagüez el cargo de Director Escolar de dicho municipio, actuó correctamente

el Comisionado de Instrucción al negarle validez a las actuaciones de dicho funcionario como tal Director Escolar.

*Procede, por lo expuesto, la confirmación de la sentencia apelada.*